# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIRELL F. TAYLOR, | ) | 1:11-cv-1143 AWI GSA |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING REQUEST TO** |
| | ) | **PROCEED IN FORMA PAUPERIS** |
| v. | ) | **AND DISMISSING ACTION, WITHOUT** |
| | ) | **PREJUDICE TO REFILING WITH** |
| UNITED STATES ATTORNEY GENERAL, | ) | **SUBMISSION OF $350.00 FILING FEE** |
| and BUREAU OF CITIZENSHIP AND | ) | **IN FULL  (Document 2)** |
| IMMIGRATION SERVICES, | ) | |
| | ) | **ORDER DIRECTING CLERK TO** |
| Defendants. | ) | **CLOSE CASE** |
| _____ | ) | |

Kirell F. Taylor ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to Title 42 of the United States Code section 1983.  Plaintiff filed the complaint commencing this action on July 12, 2011, together with a request to proceed in forma pauperis. (Docs. 1 & 2.)

Title 28 of the United States Code section 1915 governs proceedings in forma pauperis. More specifically, section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  A review of the actions filed by Plaintiff reveals that Plaintiff is subject to the limitations imposed by this section of the code and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under imminent danger of serious physical injury.[1]

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under section 1915(g) are: 1:07-cv-00240-OWW-DLB (E.D. Cal.) *Taylor v. Kern Valley State Prison* (dismissed on 9/12/08 for failure to state a claim); 1:08-cv-1561-AWI-GSA (E.D. Cal.) *Taylor v. Blackstone* (dismissed on 9/11/09 for failure to state a claim); and 1:10-cv-01892-LJO-JLT (E.D. Cal.) *Taylor v. U.S. Department of State* (dismissed on 11/13/10 for failure to state a claim).

1

Plaintiff alleges in the complaint that following a physical alternation with his ex-wife, resulting in a term in the security housing unit at the prison, threats were directed to him that pose an imminent danger of injury or death.[2]  The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action. Therefore, Plaintiff's request to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to Title 28 of the United States Code section 1915(g), Plaintiff's request to proceed in forma pauperis in this action is DENIED;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $350.00 filing fee in full; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  August 1, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The complaint is insufficient to establish that Plaintiff is at risk of imminent danger of serious physical injury at the time he filed the complaint. The complaint and the documentation attached in support thereof include a copy of an informational chrono noting reports made by Lori Williams concerning her receipt of threatening telephone calls in September 2008 from inmates stating Plaintiff would be killed as a result of his actions (Doc. 1 at 11), a copy of the incident report prepared in September 2008 following Plaintiff's assault on his ex-wife, without reference to any threat to his person (Doc. 1 at 12), and a copy of an Order Denying Petition for Writ of Habeas Corpus issued by the Kern County Superior Court in April 2009 that considered Plaintiff's allegation of improper dental care following the incident between he and his ex-wife (Doc. 1 at 13-14); none of these documents support Plaintiff's assertion of *imminent* danger.